IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


**PEDRO DUENAS PAULINO,**                              10-CV-529-BR

       Plaintiff,

                                                OPINION AND ORDER

v.

**U.S. DEPARTMENT OF VETERANS**
**AFFAIRS, CHRIS MARSHAL, and**
**CHARLES WILSON,**

       Defendants.


**PEDRO DUENAS PAULINO**
5911 N.E. 102nd Ave
Apt. 10
Vancouver, WA 98662
(360) 892-7429

       Plaintiff, *Pro Se*


1 - OPINION AND ORDER

**DWIGHT C. HOLTON**
United States Attorney
**KEVIN DANIELSON**
Assistant United States Attorneys
1000 S.W. Third Ave., Suite 600
Portland, OR 97204-2902
(503) 727-1000

    Attorneys for Defendants

**BROWN, Judge.**

    This matter comes before the Court on Defendants' Motion (#18) For A More Definite Statement. For the reasons that follow, the Court **DENIES** Defendants' Motion.

## BACKGROUND

    The following facts are taken from Plaintiff Pedro Duenas Paulino's Amended Complaint:

    Plaintiff was employed by the Department of Veterans Affairs, Portland Regional Office, from September 27, 2009, through April 16, 2010. Plaintiff alleges Defendant Chris Marshall terminated Plaintiff's employment based on the "unwarrantable recommendation" of Plaintiff's former supervisor, Defendant Charles Wilson. Plaintiff further alleges although his termination "was allegedly based on poor work performance . . . [he feels] strongly that [he] was wrongfully terminated because of [his] age and retaliation by Mr. Charles Wilson, the Supervisor of the TRIAGE Section of the Portland Regional Office

2 - OPINION AND ORDER

and my former Supervisor."

On May 6, 2010, Plaintiff filed a Complaint alleging a claim for violation of the Age Discrimination in Employment (ADEA) Act, 29 U.S.C. § 621, *et seq*.  On May 7, 2010, Plaintiff filed an Amended Complaint to include additional factual allegations.

On October 4, 2010, Defendants filed a Motion for a More Definite Statement.

## STANDARDS

Federal Rule of Civil Procedure 12(e) provides "a party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."  The court may, in the exercise of its discretion, require a more definite statement when the complaint is so ambiguous that the defendant cannot ascertain the nature of the claim or claims being asserted.  *See Cellars v. Pac. Coast Packaging, Inc.*, 189 F.R.D. 575, 578 (N.D. Cal. 1999).

## DISCUSSION

Defendants move for a more definite statement pursuant to Rule 12(e) alleging "any claim Plaintiff may have is so vague and ambiguous the Defendants are virtually unable to answer."  The Court disagrees.

3 - OPINION AND ORDER

In actions involving plaintiffs who are proceeding *pro se*, the court construes the pleadings liberally and affords the plaintiff the benefit of any doubt.  *Aguasin v. Mukasey*, No. 05-70521, 2008 WL 4750618, at *1 (9th Cir. Oct. 30, 2008)(citing *Agyeman v. I.N.S.*, 296 F.3d 871, 878 (9th Cir. 2002)).  Here Plaintiff's Amended Complaint sets out the dates of his employment with the Department of Veterans Affairs, the date of Plaintiff's termination, the individuals who Plaintiff alleges were involved in his termination, and Plaintiff's allegation that his termination was in violation of the ADEA.  Plaintiff's Amended Complaint contains other allegations that are not directly relevant to his claim, but the Court concludes it contains sufficient information to inform Defendants of the nature of Plaintiff's claims and the factual allegations underlying them.

Defendants also point out that Federal Rule of Civil Procedure 10(b) requires Plaintiff to state his claims in numbered paragraphs.  Because Plaintiff is *pro se*, the Court, in the exercise of its discretion, declines to require Plaintiff to amend his Amended Complaint to set out his allegations in numbered paragraphs.  Nevertheless, the Court advises Plaintiff that in all future filings he must comply with the Federal Rules of Civil Procedure found at:

> http://www.law.cornell.edu/rules/frcp/

4 - OPINION AND ORDER

as well as this Court's Local Rules found at:

   http://www.ord.uscourts.gov/local-rules-of-civil-procedure/

(including in particular Local Rule 7-1).

## CONCLUSION

For these reasons, the Court **DENIES** Defendants' Motion (#18) For A More Definite Statement.

Defendants' response to Plaintiff's Complaint is due no later than **November 12, 2010.**

IT IS SO ORDERED.

DATED this 27th day of October, 2010.

/s/ Anna J. Brown

ANNA J. BROWN
United States District

5 - OPINION AND ORDER